# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:05CV212
## (1:01CR48-9)


| | | |
|---|---|---|
| TIMNAH RUDISILL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |


**THIS MATTER** is before the Court on the Petitioner's "Amended"
motion for relief from judgment[1] pursuant to Fed. R. Civ. P. 60(b), filed
November 20, 2008.  The motion is denied.

The Petitioner filed a motion to vacate, set aside or correct sentence
pursuant to 28 U.S.C. § 2255 on May 18, 2005, and the motion was
dismissed as untimely filed.  **Order of Dismissal, filed May 24, 2005**
**("Because the motion was filed 16 months after the Petitioner's**
**conviction became final, the [Court], therefore, concludes this motion**

---

[1] Although Petitioner captions his motion as "amended," the Court
notes that no other motion pursuant to Rule 60(b) has been filed by the
Petitioner.

**is untimely filed.").**  Petitioner timely filed notice of appeal of the Court's dismissal and moved for a certificate of appealability, and a certificate was denied.  **See Order, filed July 26, 2005.**  On December 20, 2005, the Fourth Circuit held the Petitioner had failed to demonstrate "that reasonable jurists would find that his constitutional claims [were] debatable and that any dispositive procedural rulings by [this Court] [were] also debatable or wrong."  **United States v. Rudisill, 159 F. App'x 506, 507 (4th Cir. 2005).**  The Fourth Circuit denied the Petitioner a certificate of appealability and dismissed the appeal.  **Id**.

Now, almost three years after his appeal was adjudicated, the Petitioner brings the instant motion arguing the Court must grant him relief from the dismissal of his § 2255 because he was not afforded an opportunity to address the timeliness issue, his counsel abandoned his direct appeal without his knowledge, and successive prison security lockdowns have prevented him from compliance with the statutory limitations period.  **See Petitioner's Motion, at 4.**  Other than Petitioner's vague reference to "security lockdowns," the Fourth Circuit considered and addressed all of these arguments in the appeal of the dismissal of his §

2255 motion. And, as for the "security lockdowns," Petitioner does not state when these occurred or the length of their duration.

The Petitioner does not argue that the dismissal is the result of "mistake, inadvertence, surprise, or excusable neglect[,]" or state that he has newly discovered evidence, or offer any other reason that might justify the relief he seeks. **Fed. R. Civ. P. 60(b)(1), (2) & (6).** In addition, he makes no justification as to why this motion is filed three years after his appeal was decided. **Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of judgment[.]").** Therefore, the Court finds no reason to disturb or otherwise provide Petitioner any relief from the judgment entered herein.

**IT IS, THEREFORE, ORDERED** that the Petitioner's "amended" motion for relief from judgment is hereby **DENIED**.

Signed: December 11, 2008

Lacy H. Thornburg
United States District Judge