# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:05-cv-00212-MR
# (CRIMINAL CASE NO. 1:01-cr-00048-MR-9)

| | |
|---|---|
| TIMNAH RUDISILL,            )<br>                             )<br>           Petitioner,        )<br>                             )<br>    vs.                      )<br>                             )<br>UNITED STATES OF AMERICA,    )<br>                             )<br>           Respondent.       )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b)(5) & (6) Relief from Final Judgment" [Civil Case No. 1:05-cv-00212-MR, Doc. 20].

## I.    PROCEDURAL BACKGROUND

On August 19, 2002, the Petitioner was sentenced to life imprisonment following his conviction by a jury of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841. [Criminal Case No. 1:01-cr-00048-MR-9, Doc. 277: Judgment in a Criminal Case at 1-2]. The Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit, and his conviction and sentence was affirmed. United States v. Pryor, 75 F. App'x 157 (4th

Cir. Sept. 15, 2003) (unpublished).[1]

On May 18, 2005, the Petitioner filed a Section 2255 motion, which the Court dismissed after finding that it was untimely filed. [Civil Case No. 1:05-cv-00212-MR, Doc. 2]. The Petitioner noted an appeal to the Fourth Circuit which was dismissed by Order entered December 20, 2005. United States v. Rudisill, 159 F. App'x 506 (4th Cir. Dec. 20, 2005) (unpublished).

On August 17, 2012, Petitioner returned to this Court with his second Section 2255 motion challenging his criminal judgment. In that motion, the Petitioner contended that in light of the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), his prior state drug convictions no longer support his enhanced sentence of life imprisonment. [Criminal Case No. 1:01-cr-00048-MR-9, Doc. 585]. On January 14, 2013, the Court dismissed this motion as a successive petition under 28 U.S.C. § 2255 and denied a certificate of appealability. [Id., Doc. 602].

Apparently undaunted, the Petitioner filed the present motion on January 22, 2013, seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. [Civil Case No. 1:05-cv-00212-MR, Doc. 20].

---

[1] Petitioner's co-defendant, Kirk Pryor, was given the lead name in a consolidated appeal.

## II. ANALYSIS

The relief that the Petitioner is seeking in his Rule 60(b) motion is identical to the relief he could obtain through a successful Section 2255 proceeding, and the Court will therefore treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

3

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

4

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b)(5) & (6) Relief from Final Judgment" [Civil Case No. 1:05-cv-00212-MR, Doc. 20] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: February 28, 2013

Martin Reidinger
United States District Judge